Christopher L. Perkins (Va. Bar No. 41783)
LeClairRyan PLLC
919 East Main Street, 24th Floor
Richmond, Virginia 23219
(804) 783-7550

Martin J. Bienenstock
Ehud Barak
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Roy T. Englert, Jr.
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
(202) 775-4500

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MAR-BOW VALUE PARTNERS, LLC,<br>                              Appellant-Movant,<br><br>                    v.<br><br>McKINSEY RECOVERY AND<br>TRANSFORMATION SERVICES U.S.,<br>LLC,<br><br>                              Appellee-Respondent. | Record Nos. 17-2268(L), 17-2269<br><br>**Re:  Dkt. No. 39** |

## MCKINSEY RTS'S OPPOSITION TO MAR-BOW'S
## SECOND REQUEST FOR JUDICIAL NOTICE

Appellee-Respondent, McKinsey Recovery and Transformation Services U.S., LLC ("McKinsey RTS") hereby opposes Appellant-Movant Mar-Bow Value Partners, LLC ("Mar-Bow")'s *Request for Judicial Notice and Consideration of Possible Interim Remand* (the "Request") [Dkt. No. 39], filed in connection with its (a) opening and reply briefs and (b) its *Motion for Leave to File Additional Memorandum Pursuant to Fourth Circuit Local Rule 28(e)* [Dkt. No. 40] in the above-captioned appeal (the "Supplemental Brief").

## I.    PRELIMINARY STATEMENT

The key underlying facts are nowhere disclosed in Mar-Bow's Request. They are simple.  Mar-Bow appealed numerous Bankruptcy Court orders to the District Court.  McKinsey RTS moved to dismiss each appeal due to Mar-Bow's lack of standing.  The District Court granted those motions and did not rule on the merits of the appeals.  Mar-Bow appealed the District Court orders to this Court, and in its briefs argued both standing and the merits.  McKinsey RTS briefed only the orders on appeal, which resolved standing and nothing else.

Remarkably, Mar-Bow's Request is entirely based on its presumption this Court will reverse the District Court orders affirming Mar-Bow's lack of standing and decide the merits of the appeal that the District Court did not decide and

McKinsey RTS has not briefed. Mar-Bow does not even contend its Request has any bearing on the standing issues.

For the second time, therefore, Mar-Bow is asking this Court to take judicial notice of documents having no bearing on the standing issue on appeal (the "Appeal"). For reasons substantially similar to those set forth in McKinsey RTS's objection to Mar-Bow's first request for judicial notice [Dkt. No. 24], Mar-Bow's attempt to reroute this Court away from the actual issue before it should be denied.

Specifically, Mar-Bow wants this Court to take judicial notice of public filings with the Securities and Exchange Commission ("SEC") and Department of Labor, among others (the "Extraneous Material"), regarding the investments of MIO Partners, Inc. ("MIO"), which filings Mar-Bow alleges show that McKinsey RTS was not disinterested in the *Alpha Natural Resources* ("ANR") chapter 11 cases, and show that McKinsey profited through a transaction consummated in the ANR chapter 11 plan. Request at 5. This claim is entirely baseless, but cannot be adjudicated here. That Mar-Bow now invokes the Extraneous Material for a new alleged basis for its same old theory, argued repeatedly and unsuccessfully in both courts below, only renders its argument and requested judicial notice that much more inappropriate because it is asking this Court to consider alleged facts and a factual argument not posed to the Bankruptcy Court and District Court below.

3

Moreover, the Extraneous Material is not new. Most of it existed when Mar-Bow was litigating in Bankruptcy Court, but Mar-Bow simply never offered it into evidence in the Bankruptcy Court. Accordingly, McKinsey RTS never had an opportunity below to object to any portions of it. Further, the timing of the Request is no coincidence. Mar-Bow chose to seek to introduce documents now (which were all available before the opening brief in the appeal was filed), after the briefing has been completed and the appeal is ripe for argument and/or decision.

The only issue in this Appeal is Mar-Bow's standing to maintain its appeals notwithstanding its lack of pecuniary interest in doing so.[1] While appellate courts may sometimes take judicial notice of certain facts, the facts must be directly relevant to the appeal, and not subject to contested meanings, which is not the case here.

---

[1] Mar-Bow cannot simply override the case's procedural posture by declaring, in its reply in support of its initial request for judicial notice, that its "opening brief makes evident that in addition to standing, this appeal concerns whether McKinsey violated Rule 2014 and what consequences McKinsey should face for nondisclosure." [ECF No. 27 at 2]. *In re Clark*, 927 F.2d 793, 797 (4th Cir. 1991), which Mar-Bow cited in such reply (at 2) as evidence this Court can rule on the merits now, is inapposite. In *Clark*, the court first noted the general rule, that "we ordinarily do not address matters in the first instance [that the district court did not reach] on appeal" before then determining an exception applied because the issue before it was "legal, not factual in nature." *Id.* Here, the sufficiency of McKinsey RTS's disclosures is at least in part a question of fact. *See* [ECF No. 32 at 24 n.10]. Accordingly, this Court cannot rule on their sufficiency before giving the District Court an opportunity to rule on the merits, if this Court first finds that Mar-Bow has standing and remands this case for that purpose.

4

Mar-Bow's Request should be denied for three independently sufficient reasons.   First, Mar-Bow could have asked the Bankruptcy Court below to introduce the Extraneous Material into evidence, but did not.  Judicial notice is not a vehicle to allow for litigation of an entirely new set of facts underlying an old theory of the case, or to turn the appellate court into a trial court.  Second, the Extraneous Material goes to the merits Mar-Bow raised below, but does not bear on this Appeal of the District Court's orders dismissing Mar-Bow's appeals for lack of standing.  Third, McKinsey RTS reasonably disagrees about the meaning given to the Extraneous Material, which under this Court's cases precludes judicially noticing the material.

## II.    MAR-BOW DID NOT ENTER THE EXTRANEOUS MATERIAL INTO THE RECORD AT EITHER THE BANKRUPTCY COURT OR DISTRICT COURT

Despite its active participation in the chapter 11 cases and the District Court appeal, Mar-Bow seeks, *for the first time*, to introduce the Extraneous Material into evidence for this Appeal as if this were a trial court.  Yet the vast majority of the Extraneous Material was already available during the ANR chapter 11 cases.[2]  At

---

[2]  *See* Request at 13–15 (¶¶ 1–12 of the *Declaration of Susan M. Freeman* attached to the Request) (stating that attached hereto the Request as Exhibits A–K are documents that were publicly filed as early as October 15, 2013).

no point during the six months[3] Mar-Bow was litigating the merits of McKinsey

RTS's Bankruptcy Rule 2014 disclosures in the Bankruptcy Court did it proffer

any part of the Extraneous Material into evidence (although Mar-Bow even

attached at least part of the Extraneous Material, the Carmody Deposition, to one

of its pleadings in the Bankruptcy Court).  Nor did it do that in the District Court.

This Court should not allow Mar-Bow to do so now.    Indeed, if Mar-Bow had

offered the deposition transcript into evidence below, McKinsey RTS would have

objected to many portions of it.  Likewise, McKinsey RTS could have provided

evidence explaining the meaning of the public filings.  Mar-Bow should not be

allowed to supplement a trial record years after the fact while simultaneously

depriving McKinsey RTS of basic fairness.

A litigant cannot introduce evidence on appeal that was not offered into

evidence at trial.[4]  The Seventh Circuit Court of Appeals explained why in *Tamari*

*v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904 (7th Cir. 1988):

---

[3] Mar-Bow filed its first motion to compel McKinsey RTS to comply with rule 2014 of the Federal Rules of Bankruptcy Procedures ("Rule 2014") on June 6, 2016 [Case No. 15-33896-KRH, Dkt. No. 2603], and filed numerous other pleadings up and until the Bankruptcy Court's rulings against it, culminating with the Bankruptcy Court's order dismissing Mar-Bow's objection to McKinsey RTS's final fee application on December 20, 2016.  [Case No. 15-33896-KRH, Dkt. No. 3665].

[4] Some courts go even further, stating they will not consider material outside the record of the trial court.  *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court."); *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96 (3d Cir. 1990) ("This

> The exhibit was available to the Tamaris at the time of trial, but they decided for their own reasons not to place it in evidence. They cannot ask us to reverse the district judge on the basis of evidence that they deliberately withheld from her. That would be sandbagging of the worst kind. *A litigant cannot put in part of his case in the trial court and then, if he loses, put in the rest on appeal.*

*Id.* at 907 (emphasis added); *accord Complaint of Robbins Mar., Inc.*, 162 F.R.D. 502, 504 (E.D. Va. 1995); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1226 n.2 (10th Cir. 2008).

### III.   THE EXTRANOUS MATERIAL IS UNRELATED TO THIS APPEAL

Fourth Circuit law requires evidence like the Extraneous Material—in addition to satisfying the Federal Rules of Evidence Rule 201—to be directly relevant to the appeal to be judicially noticed by the appellate court. Here, the only issue on appeal is Mar-Bow's standing to maintain its appeals notwithstanding its lack of pecuniary interest, and the Extraneous Material has absolutely no bearing on that.

In an effort to bolster its argument on the unrelated, underlying issue of McKinsey RTS's Bankruptcy Rule 2014 disclosures, Mar-Bow relies on *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236 (4th Cir. 1989), where this Court recognized an exception to the general rule and took judicial notice of the guilty plea of a party

---

Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").

in a criminal proceeding related to the civil action on appeal. Before doing so, this Court acknowledged it was <u>not</u> following the general rule, noting "that an appellate court normally will not consider facts outside the record on appeal." *Id.* at 1239 (*citing Rothenberg v. Security Management Co., Inc.*, 667 F.2d 958, 961 n.8 (11th Cir. 1982)).

In *Colonial Penn*, the Court made an exception, however, given the direct connection between the criminal and civil proceedings. *Id.* ("Nonetheless, we believe that in the interest of justice we may properly take judicial notice of the Coils' guilty pleas involving the *very property and issues* involved in this proceeding.") (emphasis added) (citations omitted). There, the issue presented in the civil action was a declaration regarding insurance coverage for a fire. On appeal, the insurance company plaintiff requested that this Court take judicial notice of the homeowners' subsequent guilty pleas to criminal charges of arson. This Court agreed to do so, noting the guilty pleas are "most relevant and critical" to the matter on appeal. *Id.* (*citing St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, *if those proceedings have a direct relation to matters at issue*") (emphasis added).

8

Such an exception is not warranted here. To begin with, unlike in *Colonial Penn*, there is not even a tenuous relation between the Extraneous Material and the issue presented in this Appeal. Mar-Bow's Request is not relevant to this Appeal. Further, the Extraneous Material arises *not* in the courts below, but with other governmental agencies, such as the SEC and Department of Labor. In addition, the vast majority of the Extraneous Material was available to Mar-Bow during the pendency of the Debtors' bankruptcy cases and did not arise, like the subsequent guilty pleas in *Colonial Penn*, after conclusion of the lower court proceedings.

Mar-Bow initially took four appeals appealing four rulings of the Bankruptcy Court to the District Court. McKinsey RTS moved to dismiss the four appeals due to Mar-Bow's lack of standing and/or for equitable mootness.[5] The District Court granted all of McKinsey RTS's motions to dismiss (without reaching the merits of the appeals) in its Orders and Memorandum Opinions dated September 30, 2017, holding that Mar-Bow has no pecuniary interest in the outcome of its appeals.[6] Mar-Bow now appeals the District Court's decision regarding its lack of standing. However, the Extraneous Material Mar-Bow asks

---

[5] McKinsey RTS moved to dismiss as equitably moot Mar-Bow's appeal of the confirmation order granting McKinsey RTS a broad release. The District Court granted the motion, and Mar-Bow did not appeal that ruling here.

[6] [Case No. 3:16-cv-00612-MHL, Dkt. No. 50 at 48]; [Case No. 3:16-cv-00799-MHL, Dkt. No. 52 at 35].

this Court to take judicial notice of has no bearing whatsoever on Mar-Bow's standing. Therefore, the Court cannot take judicial notice of it. *See, e.g.*, *N. Carolina ex rel. N. Carolina Dep't of Admin. v. Alcoa Power Generating, Inc.*, 2015 WL 224740, at *3 (E.D.N.C. Jan. 15, 2015) ("When a party seeks judicial notice of the meaning of a document, the meaning of the document must be *relevant* and not subject to reasonable dispute.") (emphasis added).

Indeed, Mar-Bow is silent on the applicability of the Extraneous Material to this Appeal and Mar-Bow's lack of standing, and rather argues the merits of the underlying dispute that the Bankruptcy Court resolved against Mar-Bow and the District Court did not address because of Mar-Bow's lack of standing. *See* Request at 5–6 ("[If McKinsey RTS did as we argue they should have done, it] would have been highly unlikely – and improper – for the court to find that McKinsey met bankruptcy disinterestedness requirements under 11 U.S.C. §§ 327(a) and 101(14).")*.* But material that is related to a merits issue, like the Extraneous Material, when the only issue before the Court is standing, should not be judicially noticed. *See United States ex rel. Carter v. Halliburton Co.*, 2016 WL 2997349, at *4 (E.D. Va. May 25, 2016) (declining to supplement the appellate record with material related to a merits issue, when the court had before it an appeal related only to procedural issues).

10

## IV.    MAR-BOW SEEKS TO INTRODUCE THE EXTRANEOUS MATERIAL SUBJECT TO A DISPUTED MEANING

In this Circuit, courts also decline to take judicial notice of documents when the parties disagree as to their meaning. *See Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009) (*citing Colonial Penn*, 887 F.2d at 1239) (declining to judicially notice documents where opposing party did not object to the court taking notice of the existence of documents, but disagreed with the moving party seeking notice of its own interpretation of the contents of such documents); *see also N. Carolina ex rel. N. Carolina Dep't of Admin. v. Alcoa Power Generating, Inc.*, 2015 WL 224740, at *2–3 (denying a motion to judicially notice certain documents in a declaratory judgment action brought by the state of North Carolina alleging certain riverbed was state property, where, "while there may be no dispute as to the *existence* of the documents proffered," which were the state constitution and four acts of the state legislature, the meaning and relevance of the documents was subject to determination, and it was "the *meaning* of the documents that the [movant] seeks the Court to notice.") (emphases added).  What Mar-Bow really seeks is judicial notice *of its own interpretation* of the Extraneous Material—*i.e.*, had the Bankruptcy Court known of the documents referenced in the Request, it would not have found McKinsey RTS to be disinterested. McKinsey RTS disagrees with such allegations and notes that in chapter 11 cases

11

disclosures are made to the United States Trustee and in various hearings and pleadings, and their sufficiency is a factual determination made by the court presiding over the cases. *See In re FiberMark*, 2006 Bankr. LEXIS 4029 at *37–38 (the extent and format of such disclosures may vary from case-to-case, as the circumstances of each case will define the "connections" that must be disclosed to provide the Court and parties in interest with sufficient information to determine whether the applicant is disinterested).

Mar-Bow's disclosure of its intended use of the Extraneous Material is limited to advancing an argument in its Supplemental Brief, which alleges, but does not prove—because it cannot—a fact allegedly unfavorable to McKinsey RTS. *See* Supplemental Brief at 2. The Supplemental Brief, as explained in our contemporaneously filed opposition to the motion seeking leave to file it, is not appropriate for a number of procedural and substantive reasons.

In any event, the purported lack of disinterestedness that Mar-Bow claims is shown by the Extraneous Material is not probative to the issues in this Appeal. McKinsey RTS rejects any assertion that its Rule 2014 disclosures are insufficient, or that it engaged in any inappropriate behavior alleged in the Request and the Supplemental Brief, but this is neither the time nor place to litigate over a factual matter unrelated to Mar-Bow's standing to maintain this Appeal. That is especially

so when Mar-Bow is attempting to relitigate, for the nth time, issues it lost on, over and over again. McKinsey RTS further reserves the right to seek sanctions for Mar-Bow's flagrant abuse of process and disregard for the Federal Rules of Appellate Procedure.

WHEREFORE the Court should deny the Request.

McKINSEY RECOVERY AND
TRANSFORMATION SERVICES U.S.,
LLC


/s/ Christopher L. Perkins

Christopher L. Perkins (Va. Bar No. 41783)
LeClairRyan PLLC
919 East Main Street, 24th Floor
Richmond, Virginia 23219
(804) 783-7550

Martin J. Bienenstock
Ehud Barak
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Roy T. Englert, Jr.
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
(202) 775-4500

*Counsel for McKinsey Recovery and
Transformation Services U.S., LLC*

13

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of July 2018, the foregoing was filed with the Court through the Clerk's CM/ECF filing system and served on all parties receiving electronic notice in these cases and/or electronic mail to all parties on the attached Service List.


*/s/ Christopher L. Perkins*
Local Counsel

David R. Ruby
William D. Prince, IV
ThompsonMcMullan, P.C.
100 Shockhoe Slip, Third Floor
Richmond, VA 23219
E-mail:  druby@t-mlaw.com
E-mail:  wprince@t-mlaw.com
       *Local Counsel for Mar-Bow
       Value Partners, LLC*

Steven Rhodes
Steven Rhodes Consulting, LLC
1610 Arborview Boulevard
Ann Arbor, MI 48103
E-mail:  rhodessw@comcast.net

Judith K. Fitzgerald
Tucker Arensberg, PC
1500 One PPG Place
Pittsburg, PA 15222
E-mail:  jfitzgeral@tuckerlaw.com

Susan M. Freeman
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite
1200
Phoenix, AZ 85004-2595
E-mail:  sfreeman@lrrc.com

Lois R. Lupica
Maine Law Foundation Professor of
Law
University of Maine School of Law
246 Deering Avenue
Portland, ME 04012
E-mail:  lupica@maine.edu

Steven M. Biskupic
Biskupic & Jacobs, S.C.
1045 W. Glen Oaks Lane, Suite 106
Mequon, WI 53092
E-mail:
sbiskupic@biskupicjacobs.com

and

John A.E. Pottow
John Philip Dawson Collegiate
Professor of Law
University of Michigan Law School
625 South State Street
Ann Arbor, MI 48109
E-mail:  pottow@umich.edu
       *Of Counsel for Mar-Bow Value
       Partners, LLC*

Tyler P. Brown
J.R. Smith
Henry P. Long, III
Justin F. Paget
Hunton & Williams
951 East Byrd Street
Richmond, VA 23219
E-mail:  tpbrown@hunton.com
E-mail:  jrsmith@hunton.com
E-mail:  hlong@hunton.com
E-mail:  jpaget@hunton.com

and

15

Carl E. Black
David G. Heiman
Thomas A. Wilson
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114
E-mail:  ceblack@jonesday.com
E-mail:  dgheiman@jonesday.com
E-mail:  tawilson@jonesday.com
          *Counsel for Debtors*